In re Carl R. TRAUGER and his wife, Rosann L. Trauger, Debtors.

Milton Gene FRIEDMAN, Trustee, Plaintiff,

v.

Rhea GROSSMAN, Defendant.

Bankruptcy No. 87–01796–BKC–AJC. Adv. No. 89–0117–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 3, 1989.

Richard H.W. Maloy, Key Biscayne, Fla., and Rhea P. Grossman, P.A., Miami, Fla., for defendant.

Rotella & Boone, P.A., Ft. Lauderdale, Fla., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

This case was originally assigned to Judge Cristol. He recused himself in this adversary proceeding because he is personally acquainted with the defendant. His alternate on this court, Judge Weaver, advised the court that he could not accept the matter and he orally recused himself because he served on the State bench concurrently with the defendant. This adversary proceeding was assigned to me on May 25 in the status of being ready for trial. (CP 6 and 8).

The trustee for this chapter 11 estate seeks avoidance under 11 U.S.C. § 547(b) of an alleged preferential transfer of $18,500 from the debtor to the defendant. The trustee also seeks avoidance under § 548(a)(2) of $21,000 as a fraudulent transfer in connection with and including the same transactions. The third count seeks turnover under § 542 to recover these sums. Defendant has answered and the matter was tried on June 29.

Each theory for recovery of the transfers is the subject of a separate count. At trial I dismissed Count 3 (turnover) without prejudice to the filing of a separate lawsuit, if necessary. I now conclude that the trustee is entitled to recovery of the transfer of $18,500 alleged in Count 1 but has failed to prove a fraudulent transfer, and Count 2, therefore, must be dismissed with prejudice.

### The Relevant Facts

The essential facts are not in dispute. The defendant is an attorney who received payments from the debtor for legal services. The first payment in the amount of $2,500 was made on December 6, 1986. Between February 22 and May 1, 1987 defendant received four additional payments in the amount of $18,500, in the following sequence: The debtor's check dated February 22, 1987 in the amount of $2,500 covered defendant's services billed on March 10 in the amount of $7,300. A balance was brought forward on the March invoice and the debtor was billed a total amount of $11,475. He paid $6,000 on March 11. The balance on April 2 was $16,175. The debtor's April 2 check was in the amount of $5,000. The balance was

brought forward and the debtor paid $5,000 on May 1. The defendant concedes that each statement was not paid in full. (CP 28a at 8). No payment brought the amount owed current.

Defendant presented her billing statements to the debtor while she provided services in a litigation matter involving the debtor and numerous other related parties, including family members, employees and companies. The debtor was represented by separate counsel. It was his counsel who suggested and engaged defendant as additional trial counsel. Two employees, their spouses and two companies were the clients for whom the defendant made her court appearance on the record.

The debtor filed his chapter 11 petition on May 22, 1987.

### Count 1

It is the trustee's burden to establish each of the five elements under § 547(b). It is undisputed that the debtor [1] paid $18,500 to the defendant within the 90–day preference period before May 22, 1987. Only two elements are disputed.

Defendant argues that the trustee has failed to prove insolvency at the time of transfer. Under § 547(f) it is presumed that the debtor was insolvent at the time of transfer, and the defendant has offered no evidence to overcome this presumption. *Matter of Emerald Oil Co.*, 695 F.2d 833, 835 (5th Cir.1983).

It is the defendant's position that the debtor made each payment within 24 to 72 hours of being presented with a bill and, therefore, the transfers were not:

1. It is not disputed that the May 1, 1987 check (Ex. 5) signed by the debtor's daughter represented money placed into her account by the debtor.

2. "Defendant affirmatively states that any monies received from the debtor were for services simultaneously performed on behalf of the debtor ... and said monies were disbursed accordingly...." (Answer ¶ 5).

"for or on account of an *antecedent* debt." § 547(b)(2).

Defendant's argument is that:

"the monies received were applied to the contemporaneous services being performed." (CP 28a at 8).

I disagree.

It is conceded by defendant that each statement was not paid in full. Therefore, balances were carried forward and billed on the following month's statement. All payments were necessarily for *past* services.

Defendant supports her argument that there was no antecedent debt by relying on two exceptions under § 547(c): (1) contemporaneous exchange for new value; and (2) ordinary course of business or financial affairs. Plaintiff argues that the defendant did not plead these matters as affirmative defenses and is, therefore, estopped from raising these issues. In order to prevail on one of these defenses, the defendant must plead and prove the exception. *In re Day Telecommunications, Inc.*, 70 B.R. 904, 910 (Bankr.E.D.N.C.1987) (and cases cited therein); *In re Herman's Tops 'n Bottoms, Inc.*, 88 B.R. 442, 443 n. 1 (Bankr.S.D.Fla.1988).

It is not necessary to determine whether the answer (CP 18 ¶ 5) [2] sufficiently raises the affirmative defenses to put plaintiff on notice because it is apparent that defendant has argued these defenses only to establish that there was no antecedent debt.[3] (CP 28a at 7). The defendant has not supported these affirmative defenses with sufficient evidence.

I find that the trustee has proved that the legal services were rendered prior to the dates of payment. *In re Craig Oil Co.*, 785 F.2d 1563, 1565 n. 4 (11th Cir.1986).

3. *In re Craig Oil Co.*, 785 F.2d 1563, 1567 (11th Cir.1986):
"[the defenses are] limited to trade credit which is 'kept current' or other transactions which are paid in full within the initial billing cycle";
See also *Matter of Xonics Imaging Inc.*, 837 F.2d 763, 766 (7th Cir.1988):
"§ 547(c)(2) envisages situations where the debt is no more 'antecedent' than is normal in noncash business transactions."

The debtor has not overcome the proof that the payments were on account of antecedent debts, even if the affirmative defenses are considered.[4]

The trustee has, therefore, carried his burden of establishing each of the elements of an avoidable preference under § 547(b), and is entitled to recover $18,500 from the defendant.

### Count 2

■ Under § 548(a)(2), the trustee must prove (1) a transfer of an interest of the debtor in property, (2) within a year before bankruptcy, (3) for which the debtor received less than a reasonably equivalent value, and (4) that the debtor was insolvent on the date of transfer. Defendant has disputed the third and fourth elements in this trial.

The payments in question here were applied by defendant to her charges for the representation of six clients in litigation concerning the debtor's business interests. Her clients were being sued as third-party defendants. She did not represent the debtor as a matter of record. (Ex. 7). He was a plaintiff and third-party defendant.

Based on these facts, the trustee argues that the debtor received no value. Defendant argues that she furnished reasonably equivalent value in the litigation by representing all of the entities and individuals listed as plaintiffs, counter-defendants and third-party defendants. She asserts that her participation with debtor's counsel was for the benefit of the debtor, his family and his financial interests. (CP 28a at 11).

It is undisputed that defendant was engaged by the debtor at the suggestion of his counsel, who delivered the debtor's first $2,500 check (Ex. 1) to defendant, and apparently made the arrangements for the representation. The trial strategy involved the other individuals and entities who were brought into the lawsuit through their association with the debtor's business.

The conflicting evidence convinces me that the debtor's agreement to use defendant's services and pay her bills for his employees was not a gratuitous selfless act of generosity. Upon this record, I can only conclude that a benefit to these litigants represented a benefit to the debtor's position in that trial. Her skill as a trial lawyer and her close contact with his counsel conferred a benefit on the debtor. Defendant's bills represented the reasonable charges for these services at $150/hour and $500/day of trial.

The trustee has failed to prove this essential element of failure to receive reasonably equivalent value.

He also has failed to prove insolvency *without the benefit of the presumption* applicable to Count 1. The trustee seeks to prove that the debtor was insolvent on the dates of the transfers by relying on matters of record in the bankruptcy file. He points to claims filed in this bankruptcy case that existed prior to December 6, 1986. These claims are in the approximate amount of $14 million. Using the balance sheet test for insolvency, the trustee asserts that:

> "the assets of the debtor listed and amended are far less." (CP 28b at 9).

However, the subject foreclosures and abandonment of assets after the filing of the case do not establish values on the dates of the transfers between December 6, 1986 and May 1, 1987. Although the debtor may have been insolvent, I cannot infer from this evidence that the trustee proved the debtor was insolvent on the dates of the transfers or became insolvent as a result of the transfers.

The trustee has, therefore, failed to carry his burden of proving all of the elements of a statutory fraudulent transfer under § 548(a)(2).

It follows that the complaint as to Count 2 must be dismissed with prejudice.

---

4. *In re Jet Florida Systems, Inc.,* 861 F.2d 1555, 1559 (11th Cir.1988) (no contemporaneous exchange for new value); *In re Craig Oil Co.,* supra at 1566–68; *In re Day Telecommunica-* *tions, Inc.,* 70 B.R. 904, 910–11 (Bankr.E.D.N.C. 1987) (not ordinary course of business and ordinary business terms).

As is required by B.R. 9021, a separate judgment will be entered in accordance herewith. Costs may be taxed on motion.

DONE and ORDERED.